IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| ASHLEY MOSBY | ) | PLAINTIFF |
| | ) | |
| VERSUS | ) | CIVIL ACTION NUMBER: |
| | ) | 4:20cv149-MPM-DAS |
| JEHLANI KING, Also Known As Okpala Manneh; | ) | |
| CARMAX BUSINESS SERVICES, LLC, Also | ) | (JURY TRIAL DEMANDED) |
| Doing Business As CarMax Auto Finance; | ) | |
| MERCEDES-BENZ FINANCIAL SERVICES | ) | |
| USA LLC, Previously Known As DCFS USA LLC; | ) | |
| TD AUTO FINANCE LLC, Previously Known As | ) | |
| DaimlerChrysler Financial Services Americas LLC, | ) | |
| Chrysler Financial Services Americas LLC, | ) | |
| InLaneEdge, ReMarketingEdge, & Also Doing | ) | |
| Business As ReMarketingEdge; HUNTINGTON | ) | COMPLAINT |
| NATIONAL BANK, Also Known As | ) | |
| HUNTINGTON BANCSHARES | ) | |
| INCORPORATED; WELLS FARGO BANK, | ) | |
| NATIONAL ASSOCIATION, Previously Known | ) | |
| As Wells Fargo Dealer Services, & Also Doing | ) | |
| Business As Wells Fargo Auto; TRANTOR | ) | |
| MANAGEMENT, INC., Doing Business As Trantor | ) | |
| Atlantic Lofts; BANK OF AMERICA | ) | |
| CORPORATION; AMERICAN EXPRESS | ) | |
| COMPANY; CAPITAL ONE NATIONAL | ) | |
| ASSOCIATION; FEDEX EMPLOYEES CREDIT | ) | |
| UNION; UNIFI EQUIPMENT FINANCE; | ) | |
| SYNCHRONY FINANCIAL; WAYFAIR, LLC; | ) | |
| AT&T MOBILITY SERVICES, LLC, Previously | ) | |
| Known As Cingular Wireless Employee Services, | ) | |
| LLC; JOHN DOE INDIVIDUALS; AND JOHN | ) | |
| DOE CORPORATIONS | ) | DEFENDANTS |

COMES NOW, Plaintiff Ashley Mosby ( "Plaintiff" or "Ashley"), by and through the undersigned counsel, and files this COMPLAINT for relief and damages for the causes of action set forth herein, and as cause would show unto the Court, to-wit:

I. **JURISDICTION**

1. Jurisdiction is proper before this Court because of diversity jurisdiction, and the monetary amount in controversy surpasses the statutory floor.

## II. VENUE

2. The venue is proper because Plaintiff is a resident citizen of Olive Branch, Mississippi, and many of the transactions took place in or are ongoing in Mississippi.

## III. PARTIES

3. Plaintiff ASHLEY MOSBY is a resident citizen of Olive Branch, Mississippi.

4. Defendant JEHLANI KING, Also Known As Okpala Manneh ("Defendant King"), upon information and belief, is a resident citizen of Memphis, Tennessee.

5. Defendant CARMAX BUSINESS SERVICES, LLC, Also Doing Business As CarMax Auto Finance ("Carmax"), is a foreign limited liability company registered with the Mississippi Secretary of State. It's state of incorporation is Delaware and the registered agent is CORPORATION SERVICE COMPANY, 7716 Old Canton Road, Suite C, Madison, MS 39110. Plaintiff is unaware of the true identity and exact number of the members of the company.

6. Defendant MERCEDES-BENZ FINANCIAL SERVICES USA LLC hereinafter sometimes referred to as ", Previously Known As DCFS USA LLC ("Mercedes-Benz") is a foreign limited liability company registered with the Mississippi Secretary of State. Its state of incorporation is Delaware and the registered agent is C T CORPORATION SYSTEM, 645 LAKELAND EAST DRIVE, Suite 101, Flowood, MS 39232. Plaintiff is unaware of the true identity and exact number of the members of the company.

7. Defendant TD AUTO FINANCE LLC, Previously Known As DaimlerChrysler Financial Services Americas LLC, Chrysler Financial Services Americas LLC, InLaneEdge, ReMarketingEdge, & Also Doing Business As ReMarketingEdge ("Chrysler Financial"), is a

foreign limited liability company registered with the Mississippi Sectary of State. Its state of incorporation is Michigan and the registered agent is C T CORPORATION SYSTEM, 645 LAKELAND EAST DRIVE, Suite 101, Flowood, MS 39232. Plaintiff is unaware of the true identity and exact number of the members of the company.

8. Defendant HUNTINGTON NATIONAL BANK, Also Known As HUNTINGTON BANCSHARES INCORPORATED ("Huntington Bank") is a foreign company with its corporate offices located at 830 N High St, Columbus, OH 43215, USA, and a corporate telephone number published as 1-614-480-0095. It is a Maryland, for-profit, corporation. The President & CEO is Stephen D. Steinour, Chairman.

9. Defendant WELLS FARGO BANK, NATIONAL ASSOCIATION, Previously Known As Wells Fargo Dealer Services, & Also Doing Business As Wells Fargo Auto ("Wells Fargo"), is a foreign profit corporation registered with the Mississippi Secretary of State. Its state of incorporation is South Dakota and the principal office is located at 101 N. Phillips Avenue, Sioux Falls, SD 57104. The registered agent is CORPORATION SERVICE COMPANY, 7716 Old Canton Rd, Suite C, Madison, MS 39110.

10. Defendant TRANTOR MANAGEMENT, INC., Doing Business As Trantor Atlantic Lofts ("Trantor Lofts") is a Georgia, for-profit, corporation. The principal office address is 1535 Mason Mill Road, Atlanta, GA, 30329, USA, and the registered agent is Knafo, Salomon, 1535 Mason Mill Road, Atlanta, GA, 30329, USA.

11. Defendant BANK OF AMERICA CORPORATION ("Bank of America") is a Delaware corporation. The principal office address is 100 N Tryon St, Charlotte, NC 28255.

12. Defendant AMERICAN EXPRESS COMPANY ("American Express") is a New York, for-profit, corporation. The principal executive office is 200 Vesey Street, New York, New

York 10285 and the registered agent is C T CORPORATION SYSTEM, 28 Liberty St., New York, NY 10005.

13. Defendant CAPITAL ONE, NATIONAL ASSOCIATION ("Capital One") is a foreign for-profit corporation registered with the Mississippi Secretary of State. The registered agent is CORPORATION SERVICE COMPANY, 7716 Old Canton Road, Suite C, Madison, MS 39110.

14. Defendant FEDEX EMPLOYEES CREDIT UNION ("FedEx CU"), upon information and belief, has its corporate office located at 2731 Nonconnah Blvd., Memphis, TN 38132. The fax number is 901-332-1022 and electronic communication (e-mail) address for the chief executive officer is ceo@fecca.com.

15. Defendant UNIFI EQUIPMENT FINANCE ("UniFi), upon information and belief, is located at 801 W Ellsworth Road, Ann Arbor, MI 48108. The phone number is 800.748.0015 and the fax number is 800.968.2808. Plaintiff is unaware of its current organizational and management structure.

16. Defendant SYNCHRONY FINANCIAL ("Synchrony") is a Delaware corporation and its registered agent is THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 Orange St., Wilmington County, New Castle, DE, 19801, Phone: 302-658-7581.

17. Defendant WAYFAIR LLC ("Wayfair") is a foreign limited liability company registered with the Mississippi Secretary of State. Its state of incorporation is Delaware and its business email is kelliott@incserv.com. The principal office address is 4 Copley Place, Floor 7, Boston, MS 02116 and the registered agent is Incorporating Services, Ltd., 18349 Midway Road, Terry, MS 39170.

18. Defendant AT&T MOBILITY SERVICES, LLC, Previously Known As Cingular Wireless Employee Services, LLC ("AT&T Mobility"), is a foreign limited liability company registered with the Mississippi Secretary of State. Its state of incorporation is Delaware and the registered agent is C. T. CORPORATION SYSTEM, 645 Lakeland East Drive Ste 101, Flowood, MS 39232. Plaintiff is unaware of the true identity and exact number of the members of the company.

19. Defendant JOHN DOE CROPORTIONS are believed to be foreign entities, who either acted on their own or in concert with other defendants and caused the Plaintiff harm. Plaintiff is unaware of the identity of said entities.

### IV. FACTS

20. Ashley was deceived and induced by Defendant King to enter transactions and debt on the premises that such would constitute a profit and return for Ashley. In November 2019, the two met in Memphis, Tennessee. Defendant King introduced himself to Ashley, held himself out, and represented himself as a busines consultant. Further, she succumbed to his advances and the two began a romantic relationship.

21. As part of his business counseling services, Defendant King holds himself out as a professional who can repair and increase the credit score and profile of anyone. Ashley revealed that she had a decent credit score in the 700s but desired a credit score of 850. Defendant King stated he could help Ashley. Indeed, he did. After whatever work he did, Ashley's score went to 850'ish. Ashley was grateful and excited at such a result.

22. Next, Defendant King suggested to Ashley a business venture. The two (2) would purchase luxury vehicles, with her credit, and rent them. They began with the idea of utilizing

TURO for the listing, marketing, and servicing of the leases. In addition to vehicles, they entered the vacation home rental market and utilized Airbnb as their agent.

23. Over the next six (6) months, the following events occurred:

   a. Defendant King had Ashley to locate and identify and purchase six (6) vehicles. Out of the six, 3 are inoperable, 1 is stolen, and only 2 operational. Defendant Kind is in possession or knows the whereabouts of the operational vehicles. He refuses to share the location with Ashley. He also refuses to turnover any funds from the lease of these vehicles. Ashley is on the hook for the debt of all the vehicles, which are behind in payments because Defendant King refuses to turn over the lease income so that she can make the payments.

   b. Defendant King had Ashley to locate and identify the furniture for the Airbnb. However, upon information and belief, Defendant King is living in the Airbnb. Thus, she has not received any rental income from this venture. Ashley remains responsible for the furniture debt.

   c. Defendant King has located and identified credit cards, which he secured in Ashley's name. All the cards are maxed-out and she remains responsible for the debt.

24. Defendant creditors continuously call Ashley seeking payment on the outstanding accounts and debt. She has reached out to Defendant King constantly seeking help with the debt and a plan of liberation from the debt. Her attempts have been to no avail.

25. Ashley is now depressed about her financial condition and is undergoing counseling.

26. Defendant King has taken advantage of Ashley.

27. Ashley is a victim of fraud, deceit and unfair business practices. In sum, Defendant King scammed Ashley. She has information that Defendant King has also been known as "Okpala Manneh". She believes others have been a victim of Defendant King's schemes.

28. Having no other choice, Ashley brings this action against Defendant King for fraud, deceit, misrepresentation, conversion, trespass to chattel, replevin, claim and delivery, company, and emotional distress.

29. Further, Ashley brings this action against John Doe individuals and John Doe Corporations because, upon information and belief, these defendants acted also individually or in concert with other defendants and such actions have contributed to cause the harm to Plaintiff.

30. Further, Ashley brings this action against the remaining defendants for a declaratory judgment and to effect a full and final release as to the amount of debt, if any, that she actually may owe any or all of the defendants.

## V. CAUSES OF ACTION

### A. Fraud

31. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

32. In or about and between November 2019 and July 2020, both dates being approximate and inclusive, within the Northern District of Mississippi and elsewhere, the defendants Defendant King and John Does and John Doe Corporations, together, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more investors and buyers and potential investors, and the defendant creditors, to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.[1]

33. Ashley is one of such investors and buyers.

---

[1] (Title 18, United States Code, Section 1349)

34. Said defendants' conduct caused Ashley to become indebted and loose her savings.

35. Defendant King, Defendant John Does and/or Defendant John Doe Corporations are civilly liable to Ashley for the harm that has been caused to Ashley.

36. Each of the said defendants herein was the agent and/or employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and/or employment.

37. Each of the said defendants knowingly and willfully conspired and agreed among themselves to defraud Ashley.

38. Further, said defendants made misrepresentations, whether intentionally or negligently, to Ashley.

39. Said defendants misrepresented their intent to enter a joint venture and true business relationship with Ashley. There true intent was to deceive Ashley, take her money and assets accumulated in her name, and ultimately leave her with the debt and in a bankrupt financial condition.

40. To this date, Ashely has not enjoyed any of the transactions that she has entered at the deceit of said defendants. Only said defendants have enjoyed the possession of the asset and the proceeds of credit cards and loans.

41. Ashley justifiably relied upon the statements of Defendant King, who held himself out as a professional. These were lies. He is a deceiver and con-artist and scammer.

42. As further evidence of fraud, said defendants have deposited with certain creditors drafts and checks which have been returned.

43. In Mississippi, a returned check ("bounced check") is prima face evidence of fraud.[2]

**Conversion**

44. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

45. According to the Restatement (Second) of Torts, Plaintiff has a cause of action for conversation.

46. Defendant King, John Does and John Doe Corporations exercised total dominion and control over Ashley's assets. Today, said defendants remain in possession or constructive possession of several assets.

47. Said defendants' intent was to deprive Ashley of possession and use of the assets and money or use of credit cards and loan proceeds. Said defendants acted in total bad faith.

48. Since the purchase of the vehicle, Ashley has never had possession. Said defendants have continually interfered with her right to control and/or use the same.

49. Every vehicle has been in the repair shop as a result of harm done by said defendants. Every credit card and loan proceeds have been used and no further charges can be made.

50. Said defendants' conduct and scheme have caused Ashley great inconvenience and expense. Today, as a result of said defendants'' actions, Ashely is over $500,000 in debt and has no substantial savings. She is moments away from bankruptcy. Said defendants are for liable for the full value of the losses Ashley has incurred.

**B.    Trespass to Chattel**

51. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

---

[2] A copy of the statement with one of the creditors is attached hereto as Exhibit A and incorporated herein by reference. Said statement evidences the bounced check and said defendants' fraud.

52. Defendant King, Defendant John Does, and Defendant John Doe Corporations are liable for trespass to chattel. In Mississippi, a trespass to chattels is an act that falls short of conversion. The tortfeasor is responsible only to the extent of the damage done (not the full value of the property) from dispossessing another of the chattel, using or intermeddling with a chattel in the possession of another, or damaging the chattel.

53. Thus, said defendants are liable for at least the repair cost and other damage done from destroying the vehicles, maxing out Ashley's credit cards and lines of credit, attorney's fees and any other expense Ashley has incurred by said defendants' using or intermeddling with a chattel in the possession of another, or damaging the chattel.

C. **Replevin**

54. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55. A description of the property subject to the replevin action are

| # | Year | Make | Model | Body Style | VIN# | Value |
|---|------|------|-------|------------|------|-------|
| 1 | 2016 | AUDI | A7 | 4d Hatchback | WAUWGAFC66N150928 | $35,272.66 |
| 2 | 2017 | Mercedes | S550V4 | | WDDUG8FB5HA335772 | $72,663.28 |
| 3 | 2020 | Chevrolet | Camaro | | 1G1FB10S8L0115523 | $31,079.43 |
| 4 | 2020 | Dodge | Challenger | | 2C3CDZAG7LH104202 | $36,807.10 |
| 5 | 2014 | Bentley | GT Continental | Coupe | SCBFT7ZA2EC094171 | $75,191.04 |
| 6 | 2020 | Cadillac | Escalade | 4DR Utility | 1GYS3BKJ6LR187448 | $79,533.82 |

56. The value of the total of all the vehicles is estimated to be $330,547.33.

57. The plaintiff is entitled to the immediate possession of said vehicles.[3]

58. The following vehicles are in the possession of the said defendants: (a) Audi; (b) Mercedes; and (c) the Cadillac.

59. Said defendants wrongfully took and detains or wrongfully detains the same.

---

[3] The contracts and documents evidencing her claim is attached hereto collectively as Exhibit B and incorporated herein by reference.

60. Plaintiff requests an order directing the clerk of the court to issue a writ of replevin for the seizure of the property described in said complaint.

61. Plaintiff requests that any bond be waived because the subject vehicles are titled in the name of Plaintiff and one of the named defendants is listed as a lienholder on each of the vehicles.

D. **Claim & Delivery**

62. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

63. Any person with an enforceable lien on any personal property, or right to the immediate possession thereof, or who asserts that such property has been wrongfully taken or detained may bring an action for claim and delivery by filing a complaint in writing, under oath, describing the property, setting forth his claim, share or interest therein, attaching an itemized account, if required, and giving the names of any other persons who have a similar or other claims or interests in such property. Thereupon the clerk or justice shall issue a writ directed to the proper officer to value the property, or so much thereof as may be necessary to satisfy the plaintiff's demand and cost, and to summon the persons named in the affidavit to appear in court, at the time fixed, to answer the complaint.

64. Plaintiff is such a person, brings this action and is entitled to such a writ.

E. **Emotional Distress**

65. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

66. Defendant King, Defendant John Does, and Defendant John Doe Corporations are liable for intentional and/or negligent infliction of emotional distress.

67. Said defendants' conduct was wanton and willful and evoked outrage or revulsion, and the defendants' actions were so outrageous in character, and so extreme in degree,

as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

68. Defendant King induced Plaintiff into these transactions by first causing her to trust him. He fostered and facilitated a personal and romantic facade to deceive and trick defendant. After such relationship, acquiring her trust, he induced her into the financial transactions. Then, he converted the assets, refuse the give them back and absconded, leaving Plaintiff "high and dry" with over half-a-million dollars in debt.

69. Said defendants knew or should have known when the act was done that severe emotional distress was substantially certain to be produced by his conduct. Said defendants' acts "go beyond all bounds of decency" and is "utterly intolerable in a civilized community."

70. At a minimum, said defendants are guilty of negligent infliction of emotion distress.

71. Plaintiff has undergone emotional counseling for severe distress. Such stress has caused and/or contributed to unfavorable medical conditions including, but not limited to, high blood pressure and migraine headaches.

72. Moreover, said defendants' conduct was malicious, intentional, willful, wanton, grossly careless, indifferent or reckless.

73. Said defendants were, at a minimum, negligent and such negligence proximately caused the emotional distress and it was reasonably foreseeable.

**F.  Civil Conspiracy**

74. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

75. Defendant King, Defendant John Does, and Defendant John Doe Corporations conspired to bring about the fraud and deceit upon Plaintiff.

76. There existed a common action for a common purpose by common agreement or understanding among a group, from which common responsibility derives.

77. Further, there was an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement.

78. In addition to the other factual allegations set forth above and herein, said defendants acted in concert by deceit and fraud and never intended "in good faith" to perform.

### G. Declaratory Judgment

79. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

80. A case or controversy exists between Plaintiff and the defendants, which is required under the Declaratory Judgment Act – specifically, the enforceability of the underlying debt arising from the deceit and fraud.

81. Plaintiff seeks her rights or defenses, if any, as it relates to the underlying debts held by the creditor defendants. She is a victim of fraud.

82. She should not be forced into bankruptcy and be held to succumb to the fruit of the fraud, which was the over half-a million dollars of debt.

83. Declaratory judgment gives a means by which rights may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy.

### RELIEF DEMANDED

WHEREFORE, Plaintiff demands the following relief:

a. a civil judgment against Defendant King, and his conspirators, joint and severally, in an about to be determined by a jury, but not less than $1,500,000 as compensatory damages.

b.     a civil judgment against Defendant King, and his conspirators, joint and severally, in an about to be determined by a jury, but not less than $1,500,000 as punitive damages.

c.     a writ of replevin, without bond, for the immediate return of all property in the name of Plaintiff.

d.     A writ for claim and delivery, without bond, for the immediate return of all the property in the name of Plaintiff.

e.     A declaratory judgment against any and all creditor defendants that any contracts involving Plaintiff are voidable because the same are the product of fraud and other wrongful acts.

f.     Any other relief that Plaintiff may be so entitled and in her favor.

RESPECTFULLY SUBMITTED, this the 18 day of August, 20 20.

ASHLEY MOSBY, PLAINTIFF

*/s/ Ashley Mosby*

Ashley Mosby, Plaintiff

By:

*/s/ Derek Hopson Sr*

Derek D. Hopson, Sr., MSB#10514
**HOPSON LAW GROUP**
P. O. Box 266
601 Dr. Martin Luther King, Jr., Blvd., Suite A
Clarksdale, MS 38614
Telephone: (6062) 624-4100
Fax: (662) 621-9197
E-mail: derekhopsonsr@hopsonlawfirm.net

Of Counsel *for Plaintiff*:

**HOPSON LAW GROUP**
P. O. Box 266
601 Dr. Martin Luther King, Jr., Blvd., Suite A
Clarksdale, MS 38614
Telephone: (6062) 624-4100
Fax: (662) 621-9197

## VERIFICATION

STATE OF ___Tennessee___

COUNTY OF ___Shelby___

PERSONALLY came and appeared before me, the undersigned authority in and for the state and county aforesaid, the within named ASHLEY MOSBY, PLAINTIFF, who being by me first duly sworn, did state on oath that the contents of said pleading are true to her knowledge, except as to those matters stated on information and belief, and as to those matters she believes to be true.

_____
Ashley Mosby, Plaintiff

SWORN TO AND SUBSCRIBED BEFORE ME, this the __18__ day of __August__, 20__20__.

_____
NOTARY PUBLIC

My commission expires: 4-30-2022

4-30-2022

[Seal]

Complaint-MS-FedCrt