IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ASHLEY MOSBY**      **PLAINTIFF**

**V.**      **NO: 4:20CV149**

**JEHLANI KING, also known as Okpala Menneh, et al.**      **DEFENDANT**

## ORDER

This cause comes before the Court on Defendant, Wells Fargo Bank, National Association's ("Wells Fargo"), Motion to Dismiss for Failure to State a Claim upon which relief can be granted under Rule 12(b)(6). The Court has reviewed the motion, exhibits, and memorandum in consideration of Rule 12(b)(6) and is prepared to rule.

## FACTUAL BACKGROUND

According to the Complaint, Plaintiff Ashley Mosby ("Mosby") entered a business venture with Defendant Jehlani King ("King") wherein, Mosby and King purchased luxury vehicles, among other things, with the intent of renting the vehicles to other consumers for profit [*See* 1 at ¶¶ 22, 23a]. In January 2020, Plaintiff, Ashley Mosby ("Mosby") purchased a Cadillac Escalade and a Bentley automobile. She executed a "Retail Installment Sale Contract, Simple Finance Charge" and a "Vehicle Buyers Order" with Bud Davis Cadillac of Memphis, Tennessee on January 15, 2020 for the Escalade ("Escalade Contract") [32, Ex. 1]. On January 25, 2020, she executed a "Motor Vehicle Retail Installment Sales Contract – Simple Finance Charge (with Arbitration Provision)," for the Bentley ("Bentley Contract") [32, Ex. 2]. Subsequently, Mosby and King's rental business went sour leaving Mosby in debt to the creditors associated with the transactions of the business venture [*See* 1 at ¶¶ 22, 23a]. Because Mosby executed the Escalade

1

and Bentley Contracts [1 at ¶¶ 22, 23(a)], she is indebted to the creditors for the balance owed on the Contracts [1 at ¶ 24]. Wells Fargo is the assignee to the purchase loans [33 at p. 2] and is presumably a creditor.

Mosby commenced this lawsuit on August 24, 2020. She asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil conspiracy against Defendant King and the other defendants. [*See* 1 at ¶¶ 31-78]. She also seeks a "declaratory judgment and to effect a full and final release as to the amount of debt, if any, that she actually may owe," as well as her "rights and defenses to the underlying debts held by the creditor defendants." [1 at ¶¶ 30, 81]. Mosby asks the Court to void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p. 14, subparagraph e].

Wells Fargo, in its Memorandum in Support of Motion to Dismiss, states that Mosby does not assert any cause of action that can be applicable against Wells Fargo as the assignee [*See* 33 at p. 2]. Wells Fargo further states that the claims against it related to the Bentley Contract are subject to arbitration and should also be dismissed because the Bentley Contract case is not properly filed in this court [*See id.*]. Because the Court finds the case against Wells Fargo should be dismissed under Rule 12(b)(6), it is unnecessary to discuss the arbitration clause issue below.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has made clear that "a complaint . . . must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the question is whether, "the complaint

states any legally cognizable claim for relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). To survive dismissal, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). However, "[d]ismissal is proper if the complaint fails to allege a required element of the offense." *Bazan v. White*, 275 F. App'x. 312, 312-13 (5th Cir. 2008) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

## ARGUMENT

Mosby asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil conspiracy against King and the other defendants [*See* 1 at ¶¶ 31-78]. Based on the allegations put forth in the Complaint, Mosby requests the Court void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p.14, para. e]. Wells Fargo counters that Mosby "bunched" the defendants together without consideration for each defendant's role in the case and their respective vulnerability to the claims at issue [*See* 33 at p. 3]. Wells Fargo contends that there are no claims against it because it is simply the assignee to the arguably fraudulent loans [*See* 33 at p. 4]. In other words, Wells Fargo could not be a party to the allegations as it was not part of the business transactions at their inception. Without a successful underlying cause of action against Wells Fargo, Mosby is not entitled to a remedy of declaratory judgment against it. *See, e.g., Smitherman v. Bayview Loan Servicing, LLC*, 727 F.App'x 787, 792 (5th Cir. 2018).

> The Declaratory Judgment Act, which authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," is merely a procedural device and does not create any substantive rights or causes of action. *See* 28 U.S.C. § 2201(a); *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (en banc) ("[A]lthough the Declaratory Judgment Act provides a remedy different

3

> from an injunction—it does not provide an additional cause of action with respect to the underlying claim.").

*Smitherman*, 727 F. App'x 787, 792 (5th Cir. 2018)

All causes of action claimed by Mosby in this case cannot apply to Wells Fargo because the elements of each claim require the Defendant to have acted in the business transaction. There are no such factual allegations against Wells Fargo by Mosby. It is noted that the remedy that Mosby seeks will most certainly affect Wells Fargo who is the assignee of the contracts at issue. However, the claims against the other defendants do not apply to Wells Fargo and, therefore, the case against Wells Fargo should be dismissed. Having concluded that the case against Wells Fargo should be dismissed given the lack of a valid cause of action against it, the Court does not find it necessary to address the secondary issue of the arbitration clause in the Bentley Contract.

As a final matter, the Court takes note of the fact that Mosby filed a Motion for an Extension of Time [66] to respond to Wells Fargo's Motion to Dismiss for Failure to State a Claim [32]. The Court granted Mosby's Extension of Time [70] and provided until December 31, 2020 for Mosby to submit a response to the Court. The Court has not received a responsive filing from Mosby to date.

## CONCLUSION

**ACCORDINGLY**, the Court finds that the facts of this case do not support the cause of action against Defendant, Wells Fargo. As such, the defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) [32] is **GRANTED**.

ORDERED this 22nd day of February 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**