IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ASHLEY MOSBY**                                                                                    **PLAINTIFF**

**V.**                                                                            **NO: 4:20CV149**

**JEHLANI KING, also known as Okpala**                              **DEFENDANT**
**Menneh, et al.**

**ORDER**

This cause comes before the Court on Defendant, Mercedes-Benz Financial Services USA LLC's ("MBFS"), Motion to Dismiss for Failure to State a Claim upon which relief can be granted under Rule 12(b)(6). The Court has reviewed the motion and memorandum and is prepared to rule.

**FACTUAL BACKGROUND**

According to the Complaint, Plaintiff Ashley Mosby ("Mosby") entered a business venture with Defendant Jehlani King ("King") wherein, Mosby and King purchased luxury vehicles, among other things, with the intent of renting the vehicles to other consumers for profit [*See* 1 at ¶¶ 22, 23a]. MBFS is a financial services provider that offers financing for new and used Mercedes-Benz vehicles for Mercedes-Benz dealers and their retail customers. On or about January 9, 2020, Mosby purchased a used 2017 Mercedes-Benz S550 (Serial No. WDDUG8FB5HA335772) from Mercedes-Benz of Memphis [*See* 37 at p. 2]. Subsequently, Mosby and King's rental business went sour leaving Mosby in debt to the creditors associated with the transactions of the business venture [*See* 1 at ¶¶ 22, 23a]. MBFS is the lienholder on the Mercedes-Benz S550 purchased by Mosby. [*See* 37 at p. 2]

Mosby commenced this lawsuit on August 24, 2020. She asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil conspiracy against Defendant Jehlani King ("King") and the other defendants. [*See* 1 at ¶¶ 31-78]. She also seeks a "declaratory judgment and to effect a full and final release as to the amount of debt, if any, that she actually may owe," as well as her "rights and defenses to the underlying debts held by the creditor defendants." [1 at ¶¶ 30, 81]. Mosby asks the Court to void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p. 14, subparagraph e].

MBFS proffers the claims for fraud, conversion, trespass to chattel, replevin, claim and delivery, and emotional distress are solely asserted against King [*See generally* 37] and that the only stated "cause of action" is to seek declaratory relief from any or all of the defendants. [*See id.*]. MBFS states, "[W]hile Plaintiff has alleged a fraud claim and other claims against Defendant King, there are no such claims alleged against MBFS, for good reason. Without an underlying viable cause of action pending as to MBFS, Plaintiff's request for declaratory relief fails as a matter of law with regard to MBFS and is due to be dismissed." [37 at p.6] For the reasons stated below, the Court agrees and finds the case should be dismissed as to MBFS.

**STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has made clear that "a complaint . . . must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the question is whether, "the complaint states any legally cognizable claim for relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir.

2012). To survive dismissal, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). However, "[d]ismissal is proper if the complaint fails to allege a required element of the offense." *Bazan v. White*, 275 F. App'x. 312, 312-13 (5th Cir. 2008) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

## ARGUMENT

Mosby asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil conspiracy against King and the other defendants [1 at ¶¶ 31-78]. Based on the allegations put forth in the Complaint, Mosby requests the Court void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p.14, para. e]. Without a successful underlying cause of action against MBFS, Mosby is not entitled to a remedy of declaratory judgment against it. *See, e.g., Smitherman v. Bayview Loan Servicing, LLC*, 727 F.App'x 787, 792 (5th Cir. 2018).

> The Declaratory Judgment Act, which authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," is merely a procedural device and does not create any substantive rights or causes of action. *See* 28 U.S.C. § 2201(a); *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (en banc) ("[A]lthough the Declaratory Judgment Act provides a remedy different from an injunction—it does not provide an additional cause of action with respect to the underlying claim.").

*Smitherman*, 727 F. App'x 787, 792 (5th Cir. 2018)

All causes of action claimed by Mosby in this case cannot apply to MBFS because the elements of each claim require the Defendant to have been an actor in the alleged deceit and induction to lead Mosby to engage in the business transactions and deny her the benefits of such transactions. There was no such action by MBFS and Mosby does not allege any facts to support

3

that MBFS engaged in the elements to support her claim. MBFS is simply the service provider to the loan for the Mercedes-Benz vehicle. It is noted that the remedy that Mosby seeks will most certainly affect MBFS who is the lienholder of the contract at issue, however, the claims against defendants do not apply to MBFS and, therefore, the case against MBFS should be dismissed.

As a final matter, the Court takes note of the fact that Mosby filed a Motion for an Extension of Time [67] to respond to MBFS's Motion to Dismiss for Failure to State a Claim [35]. The Court granted Mosby's Extension of Time [70] and provided until December 31, 2020 for Mosby to submit a response to the Court. The Court has not received a responsive filing from Mosby to date.

## CONCLUSION

**ACCORDINGLY**, the Court finds that the facts of this case do not support the cause of action against Defendant, MBFS. As such, the defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) [35] is **GRANTED**.

ORDERED this 22nd day of February 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**