IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ASHLEY MOSBY**        **PLAINTIFF**

**V.**        **NO: 4:20CV149**

**JEHLANI KING, also known as Okpala Menneh, et al.**        **DEFENDANT**

## ORDER

This cause comes before the Court on Defendant, Huntington National Bank's ("HNB"), Motion to Dismiss for Failure to State a Claim upon which relief can be granted under Rule 12(b)(6). The Court has reviewed the motion and memorandum and is prepared to rule.

## FACTUAL BACKGROUND

According to the Complaint, Plaintiff Ashley Mosby ("Mosby") entered a business venture with Defendant Jehlani King ("King") wherein, Mosby and King purchased luxury vehicles, among other things, with the intent of renting the vehicles to other consumers for profit [*See* 1 at ¶¶ 22, 23a]. On January 16, 2020, Mosby executed a personal loan agreement with HNB in connection with the purchase of a 2020 Dodge Challenger [*See* 58 at p. 1]. Subsequently, Mosby and King's rental business went sour leaving Mosby in debt to the creditors associated with the transactions of the business venture [*See* 1 at ¶¶ 22, 23a]. HNB is presumably the current lienholder on the 2020 Dodge Challenger purchased by Mosby.

Mosby commenced this lawsuit on August 24, 2020. She asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil

1

conspiracy against King and the other defendants. [*See* 1 at ¶¶ 31-78]. She also seeks a "declaratory judgment and to effect a full and final release as to the amount of debt, if any, that she actually may owe," as well as her "rights and defenses to the underlying debts held by the creditor defendants." [1 at ¶¶ 30, 81]. Mosby asks the Court to void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p. 14, subparagraph e].

HNB proffers the claims for fraud, conversion, trespass to chattel, replevin, claim and delivery, and emotional distress are solely asserted against King [*See* 58 at p. 3] and only a request for declaratory relief is sought against the other defendants. [*See id.*]. HNB states, "Mosby alleges a case or controversy exits between her and HNB related to the enforceability of the underlying debt owed by Mosby to HNB because Mosby alleges that the debt arose from the deceit and fraud of King and fictitious defendants, but no cause of action is alleged against HNB." [58 at p. 2]. The Court agrees that Mosby has not properly asserted a cause of action against HNB and finds the case should be dismissed as to HNB.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has made clear that "a complaint . . . must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the question is whether, "the complaint states any legally cognizable claim for relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). To survive dismissal, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting

*City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). However, "[d]ismissal is proper if the complaint fails to allege a required element of the offense." *Bazan v. White*, 275 F. App'x. 312, 312-13 (5th Cir. 2008) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

## ARGUMENT

Mosby asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil conspiracy against King and the other defendants [*See* 1 at ¶¶ 31-78]. Based on the allegations put forth in the Complaint, Mosby requests the Court void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p.14, para. e]. However, without a successful underlying cause of action against HNB, Mosby is not entitled to a remedy of declaratory judgment against it. *See, e.g., Smitherman v. Bayview Loan Servicing, LLC*, 727 F.App'x 787, 792 (5th Cir. 2018).

> The Declaratory Judgment Act, which authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," is merely a procedural device and does not create any substantive rights or causes of action. *See* 28 U.S.C. § 2201(a); *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (en banc) ("[A]lthough the Declaratory Judgment Act provides a remedy different from an injunction—it does not provide an additional cause of action with respect to the underlying claim.").

*Smitherman*, 727 F. App'x 787, 792 (5th Cir. 2018)

In its Memorandum in Support of Motion to Dismiss, HNB asserts, "Mosby's request for declaratory relief against HNB fails because she has not asserted an underlying viable cause of action against HNB. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, a request or declaratory relief must be based on a viable underlying claim." [58 at p. 3]. In other words, Mosby failed to apply facts and evidence specific to HNB to the elements of a cause of action. Therefore, Mosby has wholly failed to put forth a valid claim against HNB. It is noted that the

remedy that Mosby seeks will most certainly affect HNB who is the presumed lienholder of the contract at issue, however, the claims against defendants do not apply to HNB and, therefore, the case against HNB should be dismissed.

As a final matter, the Court takes note of the fact that Mosby filed a Motion for an Extension of Time [64] to respond to HNB's Motion to Dismiss for Failure to State a Claim [57]. The Court granted Mosby's Extension of Time [65] and provided until December 30, 2020 for Mosby to submit a response to the Court. The Court has not received a responsive filing from Mosby to date.

## CONCLUSION

**ACCORDINGLY**, the Court finds that the facts of this case do not support the cause of action against Defendant, HNB. As such, the defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) [57] is **GRANTED**.

ORDERED this 22nd day of February 2021.

/**s**/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**