IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ASHLEY MOSBY**                                                                                                               **PLAINTIFF**

**V.**                                                   **NO: 4:20CV149**

**JEHLANI KING, also known as Okpala**                           **DEFENDANT**
**Menneh, et al.**

## ORDER

This cause comes before the Court on Defendant, Synchrony Bank's ("Synchrony"), Motion to Dismiss for Failure to State a Claim upon which relief can be granted under Rule 12(b)(6). The Court has reviewed the motion and memorandum and is prepared to rule.

### FACTUAL BACKGROUND

According to the Complaint, Plaintiff Ashley Mosby ("Mosby") entered a business venture with Defendant Jehlani King ("King") wherein, Mosby and King purchased luxury vehicles, among other things, with the intent of renting the vehicles to other consumers for profit [*See* 1 at ¶¶ 22, 23a]. Eventually Mosby and King's rental business went sour leaving Mosby in debt to the creditors associated with the transactions of the business venture [*See* 1 at ¶¶ 22, 23a].

Synchrony is a financial institution that issues and services credit card accounts [*See* 40 at p. 1]. In its Memorandum in Support of its Motion to Dismiss, Synchrony states that while Mosby alleges that Defendant King "had her take out credit cards in her name, which are now 'maxed out,' and for which she is 'responsible for the debt,'" that Mosby never affirmatively alleges that she or King opened a Synchrony account, specifically [40 at p. 2]. Synchrony further asserts that

Mosby fails to allege with any facts or specificity that a credit card account is held by Synchrony in her name [*See id*]. Due to the omissions in facts and allegations, Synchrony states that Mosby has wholly failed to state a claim against Synchrony upon which relief can be granted.

Mosby commenced this lawsuit on August 24, 2020. She asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil conspiracy against King and the other defendants. [*See* 1 at ¶¶ 31-78]. She also seeks a "declaratory judgment and to effect a full and final release as to the amount of debt, if any, that she actually may owe," as well as her "rights and defenses to the underlying debts held by the creditor defendants." [1 at ¶¶ 30, 81]. Mosby asks the Court to void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p. 14, subparagraph e].

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has made clear that "a complaint . . . must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the question is whether, "the complaint states any legally cognizable claim for relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). To survive dismissal, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). However, "[d]ismissal is proper if the complaint fails to allege a required element of the offense." *Bazan v.*

*White*, 275 F. App'x. 312, 312-13 (5th Cir. 2008) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

## ARGUMENT

Mosby asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil conspiracy against King and the other defendants [*See* 1 at ¶¶ 31-78]. Based on the allegations put forth in the Complaint, Mosby requests the Court void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p.14, para. e]. Without a successful underlying cause of action against Synchrony, Mosby is not entitled to a remedy of declaratory judgment against it. *See, e.g., Smitherman v. Bayview Loan Servicing, LLC*, 727 F.App'x 787, 792 (5th Cir. 2018).

> The Declaratory Judgment Act, which authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," is merely a procedural device and does not create any substantive rights or causes of action. See 28 U.S.C. § 2201(a); *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (en banc) ("[A]lthough the Declaratory Judgment Act provides a remedy different from an injunction—it does not provide an additional cause of action with respect to the underlying claim.").

*Smitherman*, 727 F. App'x 787, 792 (5th Cir. 2018)

Synchrony states the claims for fraud, conversion, trespass to chattel, replevin, claim and delivery, and emotional distress are solely asserted against King and that the only stated "cause of action" that could be related to Synchrony, is Mosby's assertion to seek a declaration of rights [*See* 40 at pp.4-5]. Synchrony contests being named as a defendant in this case because Plaintiff has set out claims against King for fraud and related malfeasance, but there are no causes of action against Synchrony. "[I]ndeed, there are no allegations made specifically in regard to Synchrony at all (apart from its state of incorporation and the identity of its Resident Agent)." [*Id.*]. Due to the fact that Mosby has failed to state with any factual evidence that a relationship exists between

3

Mosby and named defendant Synchrony, the Court agrees that Mosby has failed to state a claim upon which relief can be granted and finds the case should be dismissed as to Synchrony.

As a final matter, the Court takes note of the fact that Mosby filed a Motion for an Extension of Time [68] to respond to Synchrony's Motion to Dismiss for Failure to State a Claim [39]. The Court granted Mosby's Extension of Time [70] and provided until December 31, 2020 for Mosby to submit a response to the Court. The Court has not received a responsive filing from Mosby to date.

## CONCLUSION

**ACCORDINGLY**, the Court finds that the facts of this case do not support the cause of action against Defendant, Synchrony. As such, the defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) [39] is **GRANTED**.

ORDERED this 22nd day of February 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**