IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ASHLEY MOSBY**      **PLAINTIFF**

**V.**      **NO: 4:20CV149**

**JEHLANI KING, also known as Okpala Menneh, et al.**      **DEFENDANT**

## ORDER

This cause comes before the Court on Defendant, TD Auto Finance LLC's ("TDAF"), Motion to Dismiss for Failure to State a Claim upon which relief can be granted under Rule 12(b)(6). The Court has reviewed the motion and memorandum and is prepared to rule.

## FACTUAL BACKGROUND

According to the Complaint, Plaintiff, Ashley Mosby ("Mosby") entered a business venture with Defendant, Jehlani King ("King") wherein, Mosby and King purchased luxury vehicles, among other things, with the intent of renting the vehicles to other consumers for profit [*See* 1 at ¶¶ 22, 23a]. TDAF, though neither Plaintiff nor Defendant identify it as such, is presumed to be a financial services provider that offers financing for the purchase of automobiles, and perhaps, the financing for a vehicle purchase by Mosby. Mosby and King's rental business went sour leaving Mosby in debt to the creditors associated with the transactions of the business venture [*See id.*].

Mosby commenced this lawsuit on August 24, 2020. She asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil conspiracy against King and the other defendants. [*See* 1 at ¶¶ 31-78]. She also seeks a "declaratory judgment and to effect a full and final release as to the amount of debt, if any, that

she actually may owe," as well as her "rights and defenses to the underlying debts held by the creditor defendants." [1 at ¶¶ 30, 81]. Mosby asks the Court to void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p. 14, subparagraph e].

In its Memorandum in Support of its Motion to Dismiss, TDAF states the claims for fraud, conversion, trespass to chattel, replevin, claim and delivery, and emotional distress are solely asserted against King [*See* 54 at p. 2] and that the only stated "cause of action" against TDAF, is Mosby's assertion to seek declaratory relief of the remaining defendants [*See id.*]. TDAF contests being named as a defendant because there are no allegations in the Complaint regarding its involvement in Mosby's business transactions and it questions why it is a proper party to this dispute [*See id.*]. For the reasons stated below, the Court finds there is no properly stated cause of action against TDAF and the case should be dismissed as to TDAF.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the Fifth Circuit has made clear that "a complaint . . . must provide the plaintiff's grounds for entitlement to relief - including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the motion to dismiss stage, the question is whether, "the complaint states any legally cognizable claim for relief." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). To survive dismissal, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). However, "[d]ismissal is proper if the complaint fails to allege a required element of the offense." *Bazan v.*

2

*White*, 275 F. App'x. 312, 312-13 (5th Cir. 2008) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

## ARGUMENT

Mosby asserts claims of fraud, conversion, trespass to chattel, replevin, claim and delivery, emotional distress and civil conspiracy against King and the other defendants [*See* 1 at ¶¶ 31-78]. Based on the allegations put forth in the Complaint, Mosby requests the Court void the contracts with her creditor defendants "because they are the product of fraud and other wrongful acts." [1 at p.14, para. e]. Without a successful underlying cause of action against TDAF, Mosby is not entitled to a remedy of declaratory judgment against it. *See, e.g., Smitherman v. Bayview Loan Servicing, LLC*, 727 F.App'x 787, 792 (5th Cir. 2018).

> The Declaratory Judgment Act, which authorizes a federal court to "declare the rights and other legal relations of any interested party seeking such declaration," is merely a procedural device and does not create any substantive rights or causes of action. *See* 28 U.S.C. § 2201(a); *Harris Cty., Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (en banc) ("[A]lthough the Declaratory Judgment Act provides a remedy different from an injunction—it does not provide an additional cause of action with respect to the underlying claim.").

*Smitherman*, 727 F. App'x 787, 792 (5th Cir. 2018).

As support for dismissal of the case, TDAF states, "[A]lthough Plaintiff has set out claims against King, there are no underlying claims as to TDAF. In fact, Plaintiff makes no specific allegations regarding TDAF, aside from naming it as a party." [54 at p. 4]. The Complaint is devoid of any factual allegations or evidence that TDAF had any part of financing the vehicle purchases made by Mosby. TDAF also adds, "Further, the Complaint failed to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2)." [54 at p. 5]. According to Rule 8(a),

> a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; **(2) a short and plain statement**

**of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8 (emphasis added). The Complaint does not contain a single fact regarding TDAF, much less a short and plain statement setting forth Plaintiff's basis for relief as to TDAF." [54 at p. 5]. Without the basic facts and application of elements for a cause of action there can be no valid claim. It is noted that the remedy that Mosby seeks may affect TDAF who is a presumed creditor in the case, however, the claims against defendants do not apply to TDAF and, therefore, the case against TDAF should be dismissed.

As a final matter, the Court takes note of the fact that Mosby filed a Motion for an Extension of Time [69] to respond to TDAF's Motion to Dismiss for Failure to State a Claim [53]. The Court granted Mosby's Extension of Time [70] and provided until December 31, 2020 for Mosby to submit a response to the Court. The Court has not received a responsive filing from Mosby to date.

## CONCLUSION

**ACCORDINGLY**, the Court finds that the facts of this case do not support the cause of action against Defendant, TDAF. As such, the defendant's Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) [53] is **GRANTED**.

ORDERED this 22nd day of February 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI**

4